## MARCY v. MERRIFIELD.

### Testimony of Parties.  Auditor.

Parties are made general witnesses by statute for all purposes, and their testimony
may be given in any form allowable to other witnesses.

There was no evidence before an auditor except depositions introduced by the plain-
tiff. The auditor found that the statements contained in the depositions were true,
and attached the depositions to his report, and found for plaintiff, subject to the
opinion of the court "on the facts stated in the depositions." *Held*, that as defend-
ant would not be necessarily liable although it should be inferred that the County
Court found all the facts that the evidence tended to show, it was a case where the
facts should be distintly stated.

BOOK ACCOUNT. The auditor reported that plaintiff presented
a statement of his claim against the defendant, and claimed to re-
cover as therein stated, and set out the statement in the report.
That plaintiff offered in evidence the depositions of David W.
Cheever, M. D., and Henry O. Marcy, M. D., and offered no
other evidence of any kind. That defendant produced no evi-
dence, but claimed that on the evidence produced by plaintiff, he
was not entitled to recover. The depositions were attached to
the report, and the auditor found that the statements therein con-
tained were true, and found for plaintiff to recover his account,
if the court should be of opinion, on the facts stated in the depo-
sitions, that plaintiff was entitled to recover.

The plaintiff deposed that he resided in Cambridge, Mass., and
was a physician and surgeon ; that he knew the defendant, who
resided in Windsor, Vt., by reason of having attended his wife ;
that he treated her from November, 1873, to May, 1874, for an
ovarian disease, and that his charges were reasonable. Dr.
Cheever deposed, among other things relative to his own charges,
that he was called by the plaintiff at the defendant's wife's re-
quest, and that after her death, which occurred in May, 1874, the
defendant asked him for his bill, and said that he would do what
he could for him.

The defendant excepted to the report because the deposition of the plaintiff was admitted; because the auditor did not find, as requested, that it did not appear that the plaintiff was ever employed by the defendant, or ever requested the defendant to pay the account; because the deposition of Dr. Cheever was admitted; and because the testimony did not warrant the finding, not showing that defendant had any knowledge of plaintiff's claim till suit was brought, nor that defendant ever employed plaintiff, or assented to or knew of his employment. But the court, at the May Term, 1876, BARRETT, J , presiding, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*Edminster & Batchelder*, for the defendant.

The deposition of plaintiff was not admissible. That the deposition of a party is not admissible as evidence in actions of book account, has been repeatedly decided by this court. *Pike* v. *Blake*, 8 Vt. 400; *Gilbert* v. *Toby*, 21 Vt. 306. There has not been any material change in the provisions of the statute in relation to parties testifying in actions of book account before an auditor since first enacted. Comp. Sts. c. 18, s. 1; Slade Comp. Sts. c. 10, s. 1; Rev. Sts. c. 36, s. 6; Comp. Sts. c. 39, s. 6; Gen. Sts. c. 41, s. 6. The courts have held that a personal examination was intended by the Legislature; that the intention of the Legislature should continue to govern the interpretation of this statute.

The deposition of Dr. Cheever relates to his own claim, and has no bearing on this case, and should not have been admitted.

On the facts stated in the depositions, plaintiff is not entitled to recover. The defendant's wife was living apart from her husband; and it does not appear that she was so living with his consent; nor that she had a just cause for living apart from him; nor that she had any authority from him to employ the plaintiff or any physician; nor that defendant knew anything about the employment of the plaintiff; nor that the services rendered by plaintiff were necessary; nor that defendant subsequently ratified her contract with plaintiff. The power of a wife to bind her husband by her contracts depends upon her agency alone. *Sawyer* v. *Cutting*, 23 Vt. 486; *Read v. Teakle*, 24 Eng. L. & Eq. 332; *Gilson, admr.*

v. *Gilson*, 16 Vt. 464 ; Parsons Cont. 295.   And her agency must be proved by proper evidence.   *Blowers* v. *Sturtevant*, 4 Denio, 46 ; *Manby et al.* v. *Scott*, 1 Levinz, 4 ; *Montague* v. *Benedict*, 3 B. & C. 631.   It cannot be presumed when the wife is living apart from her husband.   It is for plaintiff to show by positive evidence that she had authority.   *Mainwaring* v. *Leslie*, 2 C. & P. 507 ; *Reed* v. *Moore*, 5 Ib. 200   The burden is on plaintiff to prove existence of necessity, and that defendant failed to make provision for it.   *Cunningham* v. *Reardon*, 98 Mass. 538 ; *Eames* v. *Sweetser*, 101 Mass. 78 ; *Dow* v. *Smith*, 11 Allen, 107.   Plaintiff must prove the marriage to make out a *prima-facie* case.   2 Stark. Ev. 695 ; 4 Petersd. Abr. 141.

*Norman Paul*, for plaintiff.

The report of the auditor shows that at the hearing no objection was made nor exception taken to the admissibility of any evidence offered.   The depositions, which are referred to in the exceptions to the auditor's report, having been received without objection, and the report having been filed, it is too late to raise any question in regard to them.   *Gibbs* v. *Sleeper*, 45 Vt. 409.

The auditor has found that the statements of the depositions are true, and that is a perfect answer to all questions raised by the defendant in his second exception to the report.   The auditor having found that the services were rendered by the plaintiff for the defendant with his knowledge, and at the request of his wife, the law implies a promise to pay for the same.   *Briggs* v. *Estate of Briggs*, 46 Vt. 571.

It is a familiar rule of law in this state, that the findings of an auditor are as conclusive on all matters of fact as the verdict of a jury ; and if there is any evidence tending to support his findings, this court will not interfere with them.   *Cottrill* v. *Vanduzen*, 22 Vt. 511 ; *Estey & Dutton* v. *Read*, 29 Vt. 278 ; *Bagley & Dodge* v. *Moulton*, 42 Vt. 184 ; *Smith & Durkee* v. *Woodworth*, 43 Vt. 89 ; *Lewis* v. *Parks*, 47 Vt. 336.

The defendant has alleged matter *de hors* the report, as a ground for recommitting it, but does not support his claim by any evidence.   This court will not reverse the finding of the County

Court except for error of law, and that must be determined from the record itself. *Clark* v. *Whipple*, 12 Vt. 483; *Bagley & Dodge* v. *Moulton*, 42 Vt. 184.

The opinion of the court was delivered by

REDFIELD, J. I. The deposition of the plaintiff is legally admissible. He is made a general witness by the statute for all purposes; and his testimony may be given in any form allowable to other witnesses.

II. The auditor has made no report of the *facts* required of him. He has sent up a copy of the evidence, with his indorsement that he thinks it entitled to credit. If it should be inferred from the evidence stated that the patient treated by the plaintiff was the defendant's *wife*, it would not necessarily follow that he thereby became liable to pay this bill. Although this court should infer that the County Court found such facts as the evidence tended to prove, yet, we think this is a case where the *facts* should be distinctly stated.

Judgment reversed, and case remanded, that the facts may be stated.